**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

---

**BUILDING TRADES UNITED PENSION TRUST FUND,**
**and DOUG EDWARDS (in his capacity as Trustee),**

      **Plaintiffs,**

  v.                                                  Case No. 23-cv-1096

**R.L. DAVIS CONTRACTING SERVICES, LLC,**

      **Defendant.**

---

## COMPLAINT

---

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Alex J. Sterling and Christopher J. Ahrens, and as and for a cause of action against Defendant, allege and show to the court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon R.L. Davis Contracting Services, LLC ("Defendant") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Defendant's business is located in Milwaukee County, Wisconsin.

**Parties**

3. Plaintiff Building Trades United Pension Trust Fund (the "Pension Fund") is a multiemployer employee benefit plan within the meaning of ERISA Sections 3(3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of the Pension Fund. The Pension Fund maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff Doug Edwards is a trustee and fiduciary of the Pension Fund and as such has standing to be a plaintiff in this action. Mr. Edwards maintains an office at 3300 South 103rd St., Milwaukee, Wisconsin 53227.

5. Defendant is a domestic limited liability company organized under the laws of the State of Wisconsin, engaged in business with principal offices located at 1701 West Mount Vernon Avenue, Milwaukee, Wisconsin 53233. Its registered agent for service of process is Ralph L. Davis, 1701 West Mount Vernon Avenue, Milwaukee, Wisconsin 53233.

**Facts**

6. Defendant is an employer and party in interest in an industry affecting commerce within the meaning of ERISA Sections 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

7. For all times relevant, Defendant was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") with the Wisconsin Laborers District Council of Wisconsin ("Union").

8. The Union represents, for purposes of collective bargaining, certain employees of Defendant and employees of other employers in industries affecting interstate commerce within the meaning of Labor Management Relations Act ("LMRA") Sections 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

9. The Labor Agreements described herein contain provisions whereby Defendant agreed to make timely payments to the Plaintiff Fund for each employee covered by said Labor Agreements.

10. By execution of said Labor Agreements, Defendant adopted the trust agreement and amendments thereof which establish and govern the Plaintiff Fund and are necessary for its administration and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreement, together with their successors selected in the manner provided in such trust agreement, thereby ratifying all actions already taken or to be taken within the scope of their authority.

11. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreement and the rules and regulations heretofore and hereafter adopted by the trustees of the Plaintiff Fund, Defendant has agreed as follows:

a. to file monthly reports and make timely and prompt contributions to the Plaintiff Fund for each employee covered by the aforementioned Labor Agreements;

b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

c. to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiff Fund pursuant to the trust agreement;

d. to adopt and abide by all of the actions of the trustees in administering the Plaintiff Fund in accordance with the trust agreement and the rules so adopted;

e. to pay liquidated damages and interest relative to delinquent contributions;

f. to pay court costs, and attorneys' fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages; and

g. to provide access to all books and records necessary to perform regular audits of Defendant's contributions to the Plaintiff Fund.

12. Defendant has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreement by, although not necessarily limited to, failing to make regular and timely payments to the Plaintiff Fund.

13. ERISA § 502(g) (2), as amended by the MPPAA, provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

14. ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

15. Despite demands that Defendant fulfil its statutory and contractual obligations, Plaintiffs have ascertained that Defendant has failed, neglected, omitted, and refused to make its required payments. Defendant is now indebted to the Pension Fund as follows:

**Audited period October 1, 2017, through September 30, 2022:**

Building Trades United Pension Trust Fund $27,877.01

**Claim Against Defendant R.L. Davis Contracting Services, LLC for Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

16. As and for a claim for relief against Defendant, Plaintiffs reallege each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein word for word.

17. Due demand has been made by the Plaintiff Fund upon Defendant for payment of all sums due and owing, but Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

18. Because, as the Plaintiffs are informed and believe, Defendant has not made timely and prompt contributions on behalf of all covered employees, the corpus of the Plaintiff Fund's trust fund is reduced, the Plaintiff Fund's income is reduced, and its ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and Plaintiff's employee benefit plan has been violated, and the Plaintiff Fund is entitled to all of the remedies provided by ERISA.

19. Because Defendant has failed to make timely and prompt contributions, some of the Plaintiff Fund's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1.  Judgment on behalf of the Plaintiffs and against Defendant:

    A.  For $27,877.01 in unpaid contributions, interest, and liquidated damages owed to the Building Trades United Pension Trust Fund for audit period October 1, 2017, to September 30, 2022;

    B.  For unpaid contributions, interest, and liquidated damages owed to the Funds for the period October 1, 2022, through the commencement of this lawsuit;

    C.  For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    D.  Reasonable attorney fees and the costs of this action.

2.  For such other, further or different relief as the Court deems just and proper.

Dated this 18th day of August, 2023.

/s/Alex J. Sterling
Alex J. Sterling (SBN:1107931)
Christopher J. Ahrens (SBN:1043237)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-223-0425 (Telephone)
414-271-6308 (Fax)
Email: ajs@previant.com
cja@previant.com

Attorneys for the Plaintiffs